WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina Espinoza, | No. CV-25-04286-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Fry's Food Stores, et al., | |
| Defendants. | |

The Court will screen the complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served.  Pursuant to that screening, Alicia Kindler, Matt Kale, Claudia Pena, Jimmie L. Brown, and Larissa Castro are dismissed.

I.  Legal Standard

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  *Id.*  Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Id.*  Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings.  *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

1 action, supported by mere conclusory statements, do not suffice." *Id.*

2 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

II. <u>Analysis</u>

The complaint asserts claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA") against Plaintiff's former employer, Fry's Food Store, and several of its managers and employees. However, the individual managers and employees are not liable under Title VII or the ADA. *Ruggles v. State*, 2025 WL 1745023, *9 (D. Ariz. 2025) ("[T]he Ninth Circuit has long held that Title VII does not provide a separate cause of action against supervisors or co-workers.") (cleaned up); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir.1998) ("[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee."); *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006)

("[I]ndividual defendants cannot be held personally liable for violations of the ADA"). Therefore, these defendants are dismissed.

As for Fry's Food Store, the complaint is "sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).[2]

Plaintiff is indigent and is entitled to have the Court "issue and serve all process" at Plaintiff's request. *See* 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3) (service of process available "[a]t the plaintiff's request"); *Boudette v. Barnette*, 923 F.2d 754, 756-57 (9th Cir. 1991) (confronting "an inconsistency" between Rule 4 and § 1915 and concluding that "[a]n IFP plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service"). The Court will not require that a request for service be made via a separate motion. Rather, the Clerk of Court shall send Plaintiff a service packet, and Plaintiff's prompt return of the service packet will be construed as a request for service to be made by a U.S. Marshal pursuant to Rule 4(c)(3). That request will be honored without the need for another order from the Court.

Accordingly,

**IT IS ORDERED** that Alicia Kindler, Matt Kale, Claudia Pena, Jimmie L. Brown, and Larissa Castro are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff a service packet including the complaint (Doc. 1), this order, and both summons and request for waiver forms.

**IT IS FURTHER ORDERED** that if Plaintiff does not complete and return the service packet to the Clerk of Court within 30 days of the date of filing of this Order (and does not personally obtain a waiver of service or complete service), the action may be dismissed. Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that if Plaintiff completes and returns the service

---

[2] "[T]he sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that [a] defendant may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1  packet to the Clerk of Court within 30 days of the date of filing of this Order, the U.S.
2  Marshal shall send to Defendant Fry's Food Store a request for waiver pursuant to Rule
3  4(d)(1).  If Fry's Food Store does not waive service, the U.S. Marshal shall effectuate
4  service.  The Court may impose expenses incurred in making service on Fry's Food Store
5  pursuant to Rule 4(d)(2).

6  **IT IS FURTHER ORDERED** that a defendant who agrees to waive service of
7  the summons and complaint must return the signed waiver forms **to the United States**
8  **Marshal**, not the Plaintiff.

9  Dated this 3rd day of December, 2025.

_____
Dominic W. Lanza
United States District Judge