**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Christina Espinoza,

　　　　　Plaintiff,

v.

Fry's Food Stores, et al.,

　　　　　Defendants.

No. CV-25-04286-PHX-SMB

**ORDER**

The Court now considers Defendant Fry's Food Stores' Motion to Dismiss (Doc. 12) and Plaintiff Christina Espinoza's Motion for Leave to File an Amended Complaint (Doc. 22).  The Motions are fully briefed.  The Court rules as follows.

## I.　　BACKGROUND

Plaintiff worked at Fry's Food Stores and alleges that she was discriminated against beginning in December 2022. (Doc. 1 at 4.) However, the Complaint only details allegedly discriminatory behavior beginning in February 2023—when Plaintiff submitted a formal complaint regarding her store manager and assistant manager.  (*Id.* at 5.)  After she submitted her complaint, Plaintiff received "over 40 disciplinary actions, investigation suspensions, and councils." (*Id.*)  Plaintiff goes on to briefly describe some of the alleged disciplinary actions including attendance disciplinary actions and work suspensions.  (*Id.*) Plaintiff was terminated in July 2025.  (*Id.*)  Plaintiff thus asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans

with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* (the "ADA").[1]

Plaintiff also filed two motions to amend her Complaint. (*See* Docs. 18, 22.) The Court only considers the second Motion. Plaintiff also filed a Proposed Second Amended Complaint ("PSAC"). (Doc. 23.)

## II.    LEGAL STANDARD

### A. Motions for Leave to Amend

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations

---

[1] The Complaint mentions a "Payroll Defensity" claim. (Doc. 1 at 4.) The Court is not aware of any such claim and thus does not specifically consider this claim.

are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### B. Motions for Leave to Amend

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "There is a strong policy in favor of allowing amendment after considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." *Frisvold v. Pentair Filtration Sols. LLC*, No. C17-136RSL, 2017 WL 3236972, at *3 (W.D. Wash. July 31, 2017) (citation modified). "[I]f the proposed amendment would be futile (*i.e.*, it would be immediately subject to dismissal if challenged under Rule 12(b)(6)), there is no reason to put defendants through the unnecessary expense and delay of responding to the amendment." *Id.*

### III. DISCUSSION

### A. ADA Claim

The nature of Plaintiff's ADA claim is unclear. As a general matter, to state a prima facie case of disability discrimination, Plaintiff must show that: (1) she is disabled; (2) she was qualified for the position; and (3) she suffered an adverse employment action because of his disability. *Fleming v. IASIS Healthcare Corp.*, 151 F. Supp. 3d 1043, 1052 (D. Ariz. 2015). Plaintiff fails to establish each of these elements. Critically, Plaintiff fails to allege that she has a disability within the meaning of the ADA. Plaintiff also fails to even allege that any adverse employment action was taken against her because of her disability.

Accordingly, the Court dismisses Plaintiff's ADA claim without prejudice.

### B. Title VII Claim

Similarly, the exact nature of Plaintiff's Title VII claim is unclear. As a general matter, "[t]o establish a prima facie case under Title VII, a plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018 (9th Cir. 2006). Plaintiff fails to establish any of these elements. Critically, Plaintiff does not allege that she belongs to a class of people protected by Title VII. Additionally, Plaintiff fails to even allege that any of the disciplinary actions taken in this case were discriminatory. Accordingly, the Court dismisses Plaintiff's Title VII claim without prejudice.

### C. Leave to Amend

The PSAC fails to remedy the mentioned defects. The PSAC includes more factual allegations, however, these allegations proceed in a confusing and disjointed manner. Nonetheless, the PSAC does not clearly allege that Plaintiff was discriminated against on the basis of her disability—"Major Depressive Disorder, Anxiety"—or was discriminated against on the basis of any protected class under Title VII. Additionally, Plaintiff's Motion for Leave to Amend is otherwise moot because the Court gives Plaintiff leave to amend here ADA and Title VII claims.

Plaintiff's amended complaint must address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. Within thirty (30) days from the date of entry of this Order, Plaintiff may submit a First Amended Complaint. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The First Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

The Court draws attention to the District of Arizona's Federal Court Advice Only

Clinic, Federal Court Advice Only Clinic - Phoenix | District of Arizona | United States District Court (uscourts.gov). The Court also notes the E-Pro Se program which assists litigants with creating a Complaint form, Welcome - eProSe (uscourts.gov). Lastly, the Court advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "Self-Represented Litigants."

IV.    CONCLUSION

Accordingly,

**IT IS ORDERED granting** Defendant's Motion to Dismiss (Doc. 12).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motions to File Amended Complaints (Docs. 18, 22).

**IT IS FURTHER ORDERED dismissing** Plaintiff's Complaint (Doc. 1) with leave to file a First Amended Complaint within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall dismiss this action without further order from the Court.

Dated this 8th day of June, 2026.

Honorable Susan M. Brnovich
United States District Judge